United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JACK MORRIS,

        Plaintiff,

v.

G. LEWIS, et al.,

        Defendants.

No. C 10-5640 CRB (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion to dismiss is GRANTED, and the action is DISMISSED.

## BACKGROUND

Plaintiff claims that defendants, employees of the California Correctional Institute ("CCI"), the California Department of Corrections and Rehabilitation ("CDCR"), and Pelican Bay State Prison ("PBSP"), violated his right to due process first by revalidating him as a prison-gang associate on the basis of insufficient evidence, and, second, by detaining him in the Secured Housing Unit at Pelican Bay State Prison, a consequence of the gang

validation. Defendants move to dismiss the complaint on grounds that plaintiff's claims were previously litigated in state court, and therefore are barred by the doctrines of <u>res judicata</u> and collateral estoppel.

The following facts are undisputed. In March 2009, CCI officials revalidated petitioner as a member of a prison gang. Later that year, plaintiff filed a petition for writ of habeas corpus in the Kern County Superior Court, in which he challenged the sufficiency of the evidence used to revalidate him as a gang member. The superior court denied the petition on the merits in an order that examined each piece of evidence petitioner challenged, and concluded that there were "sufficient reliable sources both direct and confidential to constitute evidence to sustain the gang re-validation." (Defs.' Req. for Judicial Notice, Ex. B at 5.) Petitioner raised his sufficiency of the evidence claims to the state appellate and supreme courts via habeas petitions, both of which were denied. (<u>Id.</u>, Exs. D & F.)

## I. Res Judicata

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984). There is no exception to the rules of claim and issue preclusion for federal civil rights actions under 42 U.S.C. § 1983 — the Supreme Court has made it clear that a § 1983 claim brought in federal court is subject to principles of claim and issue preclusion by a prior state court judgment. <u>See id.</u> at 84; <u>Allen v. McCurry</u>, 449 U.S. 90, 97–98 (1980). Even state habeas proceedings can have claim and issue preclusive effect on later § 1983 actions. <u>See</u> <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1346–47 (9th Cir. 1981) (state habeas proceeding precludes identical issue from being relitigated in subsequent § 1983 action if state habeas court afforded full and fair opportunity for issue to be heard).

Res judicata, commonly known as claim preclusion, prohibits a second lawsuit involving the (1) same controversy (2) between the same parties or their privies (3) so long as the prior lawsuit was a final judgment on the merits. Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896–97 (2002). Claim preclusion also applies to those claims which could have been litigated as part of the prior cause of action. See Clark v. Yosemite Community College Dist., 785 F.2d 781, 786 (9th Cir. 1986). A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. See McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986).

Plaintiff's claims are barred by res judicata because the record shows that all elements of that doctrine are present. Plaintiff petitioned the Kern County Superior Court for redress on grounds that his revalidation was constitutionally invalid because it was not supported by sufficient evidence. After considering petitioner's claims, the superior court denied plaintiff's petition on the merits. It is apparent, then, that plaintiff's state habeas petition and the instant § 1983 complaint involve the same controversy, that is, whether defendants violated due process by revalidating him as a gang member.

The remaining elements of res judicata are also present. The parties involved in plaintiff's state habeas petition and instant § 1983 complaint are substantially the same under California law. Plaintiff's habeas petition was directed to the officials at CCI, who are named in the instant action.

The other defendants, the CDCR and Pelican Bay, were not named in the state habeas petition. This does not prevent their being in privity with CCI. A person technically not a party to the prior action may be bound by the prior decision if that person's interests are so similar to a party's that the party was the person's virtual representative in the prior action. See Trevino v. Gates, 99 F.3d 911, 923 (9th Cir. 1996). It is reasonable to conclude that under California law the CDCR and PBSP were virtually represented by CCI in the prior action. Indeed, California's has an expansive definition of privity: "The emphasis is not on a concept of identity of parties, but on the practical situation. The question is whether the

1  non-party is sufficiently close to the original case to afford application of the principle of
2  preclusion." People v. Drinkhouse, 4 Cal. App. 3d 931, 937 (Cal. Ct. App. 1970).  It is clear,
3  however, that these additional defendants are in privity with CCI by virtue of the fact that
4  PBSP and the CDCR are implementing the CCI decision based on a common interest and
5  obligation they share in the appropriate housing of dangerous inmates.  Furthermore, any
6  liability PBSP and the CDCR have is premised on the validity of CCI's decision.  As CCI's
7  decision cannot be challenged here because of the prior state court judgment, neither can
8  PBSP and the CDCR's liability.

9        Finally, there is no indication that the decision was anything other than a judgment on
10 the merits.  Cf. Barker v. Fleming, 423 F.3d 1085, 1092 (9th Cir. 2005) (in the federal habeas
11 context, a state court's judgment is "final" and "on the merits" if the court finally resolved
12 the rights of the parties on the substance of the claim, rather than on the basis of a procedural
13 or other rule precluding state review of the merits).  Accordingly, plaintiff's claims that he
14 was denied due process in connection with his gang validation are barred by the doctrine of
15 res judicata.  His habeas action also bars any claims which could have been litigated in that
16 action.  Accordingly, defendants' motion to dismiss on res judicata grounds is GRANTED.

17 **II.    Collateral estoppel**

18       Defendants also assert that the action is barred by the doctrine of collateral estoppel.
19 Under California law, collateral estoppel, also known as issue preclusion, prohibits the
20 re-litigation of issues decided in a prior proceeding if:  (1) the issue is identical to the one
21 decided in a prior proceeding; (2) the issue was actually litigated in the prior proceeding;
22 (3) the issue was necessarily decided in the prior proceeding; (4) the decision in the prior
23 proceeding was final and on the merits; and (5) the party against whom preclusion is sought
24 is the same or is in privity with the party from the prior proceeding.  Lucido v. Superior
25 Court, 51 Cal.3d 335, 341 (Cal. 1990).  "The party asserting collateral estoppel bears the
26 burden of establishing these requirements."  Id.

Here, the state superior court's decision satisfies the above requirements and therefore plaintiff's federal suit is barred. As to the first element, plaintiff relies on the exact same set of facts for the instant complaint as he did for his state court negligence action, and he addresses an identical underlying issue in both: whether he was deprived of due process by the gang validation and the resulting incarceration in the SHU.

The other elements of collateral estoppel are also present. The issue was actually litigated and necessarily decided, as it was raised by the pleadings and specifically addressed by the superior court. Barker v. Hull, 191 Cal. App. 3d 221, 226 (1987) ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section.") (citations and quotations omitted). Also, as stated above, the decision was on the merits. Lastly, the parties here are the same as or in privity with those in the prior action.

As all the elements of collateral estoppel are present, the issues raised in the instant action are barred from litigation here. Accordingly, Defendant's motion to dismiss on collateral estoppel grounds is GRANTED. The action is DISMISSED with prejudice, and all claims against all defendants are also DISMISSED.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Docket No. 23) is GRANTED, and the action is hereby DISMISSED WITH PREJUDICE. This Court certifies that any appeal taken from the judgment and the order denying the petition will not be taken in good faith, and is therefore frivolous because there are no valid grounds on which to base an appeal. Accordingly, plaintiff's in forma pauperis ("IFP") status is hereby REVOKED. An appeal may not be taken IFP if the trial court certifies it is not taken in good faith. Fed. R. App. P. ("FRAP") 24(a)(3)(A). "Not taken in good faith" means "frivolous." Ellis v. United States, 356 U.S. 674, 674–75 (1958); Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). The Clerk shall forthwith notify plaintiff and the Court of Appeals of this order. See FRAP 24(a)(4).

Plaintiff may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty days after service of notice of this order. See FRAP 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." Id.

Plaintiff's motion for a ruling (Docket No. 41) is DENIED as moot. The Clerk shall enter judgment in favor of all defendants as to all claims, terminate Docket Nos. 23 and 24, and close the file.

**IT IS SO ORDERED**.

DATED: April 30, 2012

CHARLES R. BREYER
United States District Judge